Loyal LANDRITH, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 14, 1986.

Rehearing Denied April 25, 1986.

J. Richard Downey, Franklin, for appellant.

David L. Armstrong, Atty. Gen., W. Bruce Cowden, Jr., Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, GUDGEL and REYNOLDS, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Simpson Circuit Court. Appellant was convicted by a jury of criminal solicitation of murder and sentenced to a prison term of ten years. On appeal, he contends that the court erred in the following respects: (1) by denying his motions for a directed verdict, (2) by erroneously instructing the jury, (3) by permitting the commonwealth's attorney to make a misstatement of the law during voir dire, (4)

by admitting into evidence a tape recorded conversation with one Minnie Clements, (5) by admonishing the jury improperly on several occasions, and (6) by permitting the commonwealth's attorney to make an improper comment during closing argument. We disagree with all of appellant's contentions. Hence, we affirm.

■ The applicable statute, KRS 506.-030(1), provides in pertinent part that "[a] person is guilty of criminal solicitation when, with the intent of promoting ... the commission of a crime, he ... encourages another person to engage in specific conduct which would constitute that crime." Here, ample evidence was adduced by the commonwealth that appellant intentionally encouraged and solicited both a police informant and an undercover police officer to murder Minnie Clements' ex-husband in return for Ms. Clements' payment of a fixed sum of money. Appellant argues, however, that both the commentary to the penal code and certain dictum in this court's decision in *Maynard v. Commonwealth*, Ky.App., 558 S.W.2d 628 (1977), recognize that there must be an "immediate rejection" of the solicitation by the solicitee or there is necessarily no crime of criminal solicitation. Since the commonwealth failed to adduce any evidence that the persons solicited by appellant to commit murder "immediately rejected" his solicitation, appellant urges that the court erred by failing to grant his motions for a directed verdict. We disagree.

In the first place, the language of the statute itself does not make any reference to an "immediate rejection" as being an element of the offense of solicitation which must be proven by the commonwealth. Further, a review of the applicable commentary makes clear that its drafters' use of the terminology "immediate rejection" was intended only to assist in limiting the statute's application to those cases in which merely a solicitation occurs, and the solicitee neither attempts nor actually commits the solicited crime. More importantly, we are unable to perceive how the absence of proof that the solicitee immediately rejected the solicitation to commit the crime somehow renders the actor's conduct non-

criminal. According to the language of the statute, the defendant's culpability rests upon his or her intentional act of encouraging another person to commit a crime, and does not depend upon whether the solicitee accepts or rejects the solicitation. In short, we fully agree with the following statement in K. Brickey, *Kentucky Criminal Law* § 7.02 (supplement 1978):

> While rejection may distinguish the offense from conspiracy, neither the statute nor the commentary supports the conclusion that rejection is an element of the offense that must be proved by the Commonwealth. The offense is complete when the solicitor has engaged in the conduct described in KRS 506.030(1).

To the extent certain dictum in *Maynard v. Commonwealth, supra*, recognizes a contrary view, we decline to follow that case.

■ Our resolution of appellant's first contention effectively resolves, in appellee's favor, appellant's second and third contentions, except the contention that he was entitled to an instruction on renunciation. With respect to that argument, suffice it to say that the evidence adduced was insufficient to require the giving of such an instruction.

■ Next, appellant argues that the court erred by permitting the commonwealth to introduce a tape recording of an October 5, 1983 conversation with Minnie Clements after she invoked her fifth amendment privilege and refused to testify. We disagree. Although the commonwealth may have misled appellant by failing to indicate in its discovery response that it would seek to introduce the tape recording at trial, appellant's counsel had previously been furnished, some six months prior to trial, with a complete and accurate transcript of the tape recording, and there is no evidence that the prosecution deliberately withheld anything. In fact, appellant was fully aware that Minnie Clements was a potential witness at his trial. Thus, he could hardly have been genuinely surprised when the commonwealth sought to introduce her tape recorded conversation after she refused to testify. *Cf. Ford v. Commonwealth*, Ky., 665

S.W.2d 304 (1983), *cert. denied,* —— U.S. ——, 105 S.Ct. 392, 83 L.Ed.2d 325 (1984). Moreover, any error in the trial court's admission of this evidence was not prejudicial.

■  Appellant's next contention, that the court improperly admonished the jury on several occasions, was not preserved for review as appellant failed to object to any of the improper admonitions. *See* RCr 9.22. Further, the court's error was not so egregious as would warrant a finding that a manifest injustice occurred.

■  Finally, appellant complains about a single comment made by the prosecutor during closing argument. Appellant's timely objection to this comment was overruled. We have concluded, however, after reviewing the prosecutor's entire argument, that this one isolated comment, even if improper, was not sufficiently prejudicial to warrant reversing the court's judgment on the ground of prosecutorial misconduct.

The court's judgment is affirmed.

All concur.